**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **In re:** | **Case No. 15-04215 BKT** |
| **Gerardo Rene Cabanillas Pérez** | **Chapter 13** |
|    **Debtor** | |
| **Gerardo Rene Cabanillas Pérez** | **Adversary No. 15-00261 BKT** |
|    **Plaintiff** | |
|     **v.** | <span style="color:red">**FILED & ENTERED ON 04/14/2016**</span> |
| **Internal Revenue Service, et al.** | |
|    **Defendants** | |

**OPINION AND ORDER**

Before this Court is a *Motion to Dismiss* [Dkt. No. 29] filed by Defendant, the United States of America ("Defendant" or "Government"), and an *Opposition* to said motion [Dkt. No. 32] filed by Debtor, Mr. Gerardo Rene Cabanillas Pérez ("Plaintiff" or "Mr. Cabanillas"). For the reasons set forth below, Defendant's *Motion to Dismiss* is GRANTED.

**I.     Factual Background**

Mr. Cabanillas owes the Government $42,740.16 in unpaid income, employment, and unemployment taxes from years 2005, 2006, 2007, 2009, 2010, 2011, 2012, and 2013 [Case No. 15-4215, Proof of Claim 6-2]. As the appointed representative of the Government, the Internal Revenue Service filed Notices of Federal Tax Liens in the District Court, which were recorded

1

on June 15, 2013 and October 19, 2012, to secure the Government's claim for $15,856.56. Id. at 3-12. Said Notices were also properly filed at the Puerto Rico Property Registry.

In an attempt to gain a fresh start, Plaintiff filed a voluntary petition under chapter 13 of the Bankruptcy Code on June 2, 2015. Shortly thereafter, on June 14, 2015, the IRS filed its Amended Proof of Claim containing secured, priority, and unsecured general claims. Id. As a result, Plaintiff filed this adversary proceeding seeking to reduce the value of the Government's secured claim to reflect the amount of equity remaining in his real property [Dkt. No. 1]. After accounting for the preferred mortgage holders' liens, Mr. Cabanillas contends that the value of the Government's lien is zero and should be written-off [Dkt. No. 22, Ex. 2 at 5].

Defendant points out that Plaintiff's *Complaint* fails to account for any personal property secured by its lien [Dkt. No. 1]. Further, Mr. Cabanillas' bankruptcy schedules report over $20,000.00 in personal property of which more than $12,000.00 is claimed as exempt [Case No. 15-4215, Dkt. No. 12, at 18]. The Defendant argues that such property is not subject to any exemptions and is fully secured by its lien. Accordingly, it moves to dismiss the *Complaint* for failure to state a claim upon which relief can be granted insofar as the Government's claim is over-secured by the lien's collateral.

## II.     Standard of Review

Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In determining whether a plaintiff's complaint provides "fair notice to the defendants" and states "a facially plausible legal claim," the court utilizes a two-pronged approach. See Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). The court first identifies and disregards statements that are merely "legal

conclusion[s] couched as fact" or "threadbare recitals of the elements of a cause of action." Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Second, the court treats all properly pled, non-conclusory factual allegations as true. Id.

Though the facts pled must be sufficient "to raise a right to relief above the speculation level," the court may not dismiss a complaint based on disbelief of its factual allegations or a forecast of the likelihood of success on the merits. Ocasio-Hernandez, 640 F.3d at 12-13 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570).

Finally, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). There is, however, "a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to the plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" Alternative Energy, Inc., 267 F.3d at 33 (quoting Watterson, 987 F.2d at 3).[1]

### III.    Legal Analysis

The First Circuit Court of Appeals has made clear that if a person, such as Mr.

---

[1] Applying this standard to the instant case, the court concludes that the records in Plaintiff's bankruptcy case are subject to judicial notice. See Wright v. Sears Roebuck & Co., 2010 WL 6032803 at *2 (W.D. La. Oct. 19, 2010) (finding the court could take judicial notice of bankruptcy records attached to a motion to dismiss). Therefore, the court will consider the Plaintiff's bankruptcy records without converting the *Motion to Dismiss* into a motion for summary judgment. See Williams v. Chase Manhattan Mortg. Corp., 2005 WL 2544585 at *6 (W.D.N.C. Oct. 11, 2005) (finding consideration of plaintiff's bankruptcy records did not convert a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment).

Cabanillas, "fails to pay federal taxes despite a demand for payment, tax liens 'in favor of the United States' automatically attach to all of that person's 'property and rights to property, whether real or personal.'" Hannon v. City of Newton, 744 F.3d 759, 765 (1st Cir. 2014) (citing 26 U.S.C. § 6321). A tax lien arises at the time of the tax assessment and continues until the tax liability is paid or the collections statute of limitations runs. Id. To be effective against third parties, the lien must be filed in compliance with state law. Tracey v. United States, 394 B.R. 635, 639-40 (B.A.P. 1st Cir. 2008). To be effective against a debtor, the Government need only make a demand of payment. Id. Here, the Government demanded payment from Mr. Cabanillas and properly filed the Notices of Federal Tax Liens in the District Court as well as in the Puerto Rico Property Registry [Case No. 15-4215, Proof of Claim 6-2]. Accordingly, the Government's tax lien attaches to the entirety of Plaintiff's property.

Moreover, insofar as the entirety of Plaintiff's property is subject to the Government's tax lien, property secured by a properly filed federal tax lien is not subject to exemption from the bankruptcy estate. 11 U.S.C. § 522(c)(2)(B); In re Hannon, 514 B.R. 69, 78 (Bankr. D. Mass. 2014) (concluding that "exempt property remains liable for a tax lien in its entirety."). Mr. Cabanillas fails to account for more than $20,000.00 worth of personal property that is subject to the Government's tax lien, as disclosed in Plaintiff's schedules [Case No. 15-04215, Dkt. No. 12, at 18]. To the extent that such property is not subject to exemption, the Government's claim is fully secured and cannot be reduced pursuant to 11 U.S.C. § 506. For these reasons, Plaintiff's claim fails as a matter of law and is hereby dismissed.

Finally, the Government's proof of claim includes unsecured claims under 11 U.S.C. § 507 that are unaccounted for in Plaintiff's *Complaint*. These claims are entitled to priority status

4

insofar as tax liabilities are required to be "collected or withheld and for which the debtor is liable in any capacity." 11 U.S.C. § 507(a)(8)(C). Accordingly, these claims must be paid in full under Mr. Cabanillas' chapter 13 plan, regardless of whether they had been already secured by the Government's properly filed tax liens. See In re Pick & Save, Inc., 478 B.R. 110, 123 (Bankr. D.P.R. 2012). As a result, Plaintiff's contention that the lien must be perfected in order to ensure payment is without merit.

**IV.     Conclusion**

WHEREFORE, IT IS ORDERED that the *Motion to Dismiss* [Dkt. No. 29] filed by the Government is hereby GRANTED. Clerk to enter judgment accordingly.

In San Juan, Puerto Rico this 14th day of April, 2016.

Brian K. Tester
U.S. Bankruptcy Judge

5